**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN BULL, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-56C**<br>**Judge Hewitt** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs, John Bull, et al., and defendant United States respectfully submit this joint motion for approval of settlement and would respectfully show the Court as follows:

The parties, by and through counsel, jointly move the Court for an order granting approval of the settlement in this case. A copy of the Settlement Agreement is attached hereto as Exhibit A. In connection with approval of this settlement, the parties jointly request entry of a stipulated order in the form submitted to the Court.

WHEREFORE, the parties respectfully request that the Court grant approval to the proposed settlement and enter an order approving the attorney fees as requested in the Fee Application and Bill of Costs filed by the plaintiffs on July 16, 2007, and agreed upon in the settlement agreement, as reasonable, necessary, appropriate, and fair compensation to plaintiffs' attorneys for their services on behalf of the plaintiffs in this litigation. A proposed order to that effect is attached as Exhibit B.

Respectfully submitted,

S/David L. Kern

DAVID L. KERN
Kern Law Firm
1300 North El Paso St.
El Paso, TX 79902
Tele: (915) 542-1900
Fax: (915) 242-0000

Attorney for Plaintiffs

JEFFREY S. BUCHHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Kirk Manhardt
KIRK MANHARDT
Assistant Director

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St. NW
Washington, DC 20530
Tele: (202) 616-2228
Fax: (202) 305-7643
Commercial Litigation Branch

Attorneys for Defendant

Dated: February 4, 2008

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on February 4, 2008 a copy of foregoing "JOINT MOTION FOR APPROVAL OF SETTLEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Tara K. Hogan

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN BULL, et al, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-56C<br>Judge Hewitt |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

For the purpose of disposing of plaintiffs' claims without there being any further trial or adjudication of any issue of law or fact, except as otherwise provided herein, and without constituting an admission of liability on the part of the defendant, and for no other purpose, the parties stipulate and agree as follows, subject to the Court's approval of this settlement:

1. Plaintiffs commenced this action in the United States District Court for the Western District of Texas in August 2000 to assert claims for overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as employees of the United States Department of Homeland Security, Customs and Border Protection ("Customs"). The case was subsequently transferred to the United States Court of Federal Claims and on February 23, 2001, and various dates thereafter, plaintiffs filed their claims in this Court.

2. Plaintiffs are current and former Canine Enforcement Officers ("CEOs") for Customs.

3. Following a trial for six trial plaintiffs, the Court entered judgment in those plaintiffs' favor. *See* Bull v. United States, 68 Fed. Cl. 212 (September 27, 2005). At that time, the Court reserved the issue of a future award of attorney fees and costs under 29 U.S.C. §216(b). The United States Court of Appeals for the Federal Circuit affirmed the decision on March 15, 2007.

4. Based upon the Court's decision, as affirmed, the parties hereby enter this Settlement Agreement to fully resolve the claims of the CEOs listed in Appendix A to this Agreement.

5. Plaintiffs' attorney of record represents that he is authorized to enter into this Settlement Agreement on behalf of plaintiffs.

6. Plaintiffs' offer has been accepted by the authorized representative of the Attorney General.

7. Upon satisfaction of the terms set forth in paragraphs 11 and 12, the plaintiffs agree to join with the United States in stipulating to the dismissal of this lawsuit with prejudice.

8. Upon satisfaction of the terms set forth in paragraphs 11 and 12, the plaintiffs release, waive, and abandon all claims for back pay under the FLSA against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to this case, regardless of whether they were included in the complaint, including but not limited to any claims for costs, expenses, attorney fees, and damages of any sort. This provision will not prevent either party from enforcing the terms of the Settlement Agreement.

9. This Agreement is in no way related to or concerned with income or other taxes for which the plaintiffs are now liable or may become liable in the future as a result of this Agreement.

10. Each plaintiff warrants and represents that no other action or suit with respect to the claims advanced by them in this suit is pending or will be filed in or submitted by them to any other court, administrative agency, or legislative body. Should a plaintiff now or in the future violate these warranties and representations, to the extent that the United States suffers any damages thereby, that plaintiff shall refund any amount paid by the United States pursuant to this Agreement, together with interest thereon in accordance with the formula prescribed under 5 U.S.C. § 5596(b)(2)(A), computed from the date the United States makes the payments provided for in this Agreement.

11. Plaintiffs' claims shall be resolved by payments from defendant in the amounts of back pay and liquidated damages as listed in Appendix A. Defendant shall withhold appropriate taxes from the portions designated as back pay and shall provide each plaintiff and plaintiffs' counsel with documentation of the amounts so withheld. Defendant shall not withhold any amounts from the portions designated as liquidated damages. Payment of the back pay and liquidated damages amounts will be made in the form of a single payment to the Kern Law Firm. Plaintiffs' counsel will be responsible for allocating the proper amounts to each individual plaintiff.

12. Plaintiffs and Defendant shall jointly move the Court for award of attorney fees and costs in the following amounts pursuant to the Fee Application and Bill of Costs filed by the Plaintiffs on July 16, 2007:

a. Kern Law Firm – Fees: $1,360,656.25; Costs: $13,601.12;

b. Tinsman & Sciano Inc. – Fees: $201,662.85; Costs: $104,027.53; and

c. Gardner Law Firm – Fees: $80,481.30; Costs: $1,094.35.

Pursuant to instructions from plaintiffs' counsel, defendant shall distribute the above-listed Court ordered payments for attorney fees and costs for all plaintiffs listed in Appendix A following the parties' endorsement of this final Settlement Agreement.

13. This Agreement is a compromise and settlement of disputed claims, and is not an admission of liability or non-liability. This Agreement shall not be offered or introduced in evidence by the parties or counsel in any subsequent litigation involving defendant

14. This document constitutes a complete integration of the agreement between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

DAVID L. KERN
Kern Law Firm
1300 North El Paso St.
El Paso, TX 79902
Counsel for Plaintiffs

JEFFREY S. BUCHHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK MANHARDT
Assistant Director
Authorized Representative of
Attorney General

TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St. NW
Washington, DC 20530
Tele: (202) 616-2228
Fax: (202) 305-7643
Commercial Litigation Branch

Attorneys for Defendant

Dated: January 30, 2008

**Bull et al v. United States, Case No. 01-56C** **APPENDIX A to Settlement Agreement**

| | | AGREED DAMAGES PER COURT'S ORDERS | | |
|---|---|---|---|---|
| # | Plaintiffs | Back Pay | Liquidated Damages | Total |
| 1 | Alton, Nathan R. | $ 20,299.74 | $ 20,299.74 | $ 40,599.48 |
| 2 | Bellerose, William | $ 24,107.65 | $ 24,107.65 | $ 48,215.30 |
| 3 | Borst, Alan | $ 37,387.12 | $ 37,387.12 | $ 74,774.24 |
| 4 | Breaux, Terry | $ 35,081.92 | $ 35,081.92 | $ 70,163.84 |
| 5 | Brett, Ken | $ 36,346.43 | $ 36,346.43 | $ 72,692.86 |
| 6 | Bull, John | $ 857.51 | $ 857.51 | $ 1,715.02 |
| 7 | Burke, Robert | $ 8,060.02 | $ 8,060.02 | $ 16,120.04 |
| 8 | Camacho, Eddie | $ 20,135.14 | $ 20,135.14 | $ 40,270.28 |
| 9 | Currey, Patrick | $ 31,888.47 | $ 31,888.47 | $ 63,776.94 |
| 10 | Currey, Stefany | $ 12,569.23 | $ 12,569.23 | $ 25,138.46 |
| 11 | Curtis, Gena | $ 30,565.78 | $ 30,565.78 | $ 61,131.56 |
| 12 | DeGraves, Thomas | $ 25,911.53 | $ 25,911.53 | $ 51,823.06 |
| 13 | Dugan, Michael | $ 35,046.30 | $ 35,046.30 | $ 70,092.60 |
| 14 | Garcia, Roy | $ 35,209.53 | $ 35,209.53 | $ 70,419.06 |
| 15 | Goodale, Bruce | $ 17,247.28 | $ 17,247.28 | $ 34,494.56 |
| 16 | Gutierrez, Jonson | $ 33,506.81 | $ 33,506.81 | $ 67,013.62 |
| 17 | Harp, Perry | $ 30,109.38 | $ 30,109.38 | $ 60,218.76 |
| 18 | Hernandez, Roberto | $ 20,581.13 | $ 20,581.13 | $ 41,162.26 |
| 19 | Hightower, Mark | $ 25,615.66 | $ 25,615.66 | $ 51,231.32 |
| 20 | Hult, Guy | $ 22,671.22 | $ 22,671.22 | $ 45,342.44 |
| 21 | Jameson, Steven | $ 32,622.20 | $ 32,622.20 | $ 65,244.40 |
| 22 | Johnson, Elmer | $ 23,807.62 | $ 23,807.62 | $ 47,615.24 |
| 23 | Lambert, Peter | $ 3,103.60 | $ 3,103.60 | $ 6,207.20 |
| 24 | Lawson, Erihk | $ 19,257.90 | $ 19,257.90 | $ 38,515.80 |
| 25 | Lorentzen, Carl | $ 35,933.12 | $ 35,933.12 | $ 71,866.24 |
| 26 | Luley, Ryan | $ 7,678.86 | $ 7,678.86 | $ 15,357.72 |
| 27 | Madole, Manuel | $ 36,193.94 | $ 36,193.94 | $ 72,387.88 |
| 28 | Maytorena, Carlos | $ 34,680.13 | $ 34,680.13 | $ 69,360.26 |
| 29 | McLean, Scott | $ 7,675.32 | $ 7,675.32 | $ 15,350.64 |
| 30 | Meagher, Paul | $ 36,534.32 | $ 36,534.32 | $ 73,068.64 |
| 31 | Merickel, Michael | $ 31,377.10 | $ 31,377.10 | $ 62,754.20 |
| 32 | Miller, Mark | $ 19,596.46 | $ 19,596.46 | $ 39,192.92 |
| 33 | Nadeau, George | $ 15,898.69 | $ 15,898.69 | $ 31,797.38 |
| 34 | Paishon, Douglas | $ 15,340.57 | $ 15,340.57 | $ 30,681.14 |
| 35 | Parsons, Mark W. | $ 37,176.55 | $ 37,176.55 | $ 74,353.10 |
| 36 | Perales, Adrian | $ 9,227.24 | $ 9,227.24 | $ 18,454.48 |
| 37 | Picazzo, Rolando | $ 34,142.25 | $ 34,142.25 | $ 68,284.50 |
| 38 | Pineda, Adolfo | $ 21,092.44 | $ 21,092.44 | $ 42,184.88 |
| 39 | Pon, Pedro | $ 19,358.81 | $ 19,358.81 | $ 38,717.62 |
| 40 | Ramirez, Tommy | $ 29,493.51 | $ 29,493.51 | $ 58,987.02 |
| 41 | Reed, William | $ 30,854.75 | $ 30,854.75 | $ 61,709.50 |
| 42 | Roberts, Daniel | $ 2,051.42 | $ 2,051.42 | $ 4,102.84 |
| 43 | Rose, Richard | $ 28,754.91 | $ 28,754.91 | $ 57,509.82 |
| 44 | Scott, Samuel | $ 29,968.31 | $ 29,968.31 | $ 59,936.62 |
| 45 | Shannon, Shelby | $ 24,343.10 | $ 24,343.10 | $ 48,686.20 |
| 46 | Sklarsky, Michael | $ 23,297.78 | $ 23,297.78 | $ 46,595.56 |
| 47 | Slocum, Marvin | $ 36,904.30 | $ 36,904.30 | $ 73,808.60 |
| 48 | Smith, Darrell | $ 27,809.55 | $ 27,809.55 | $ 55,619.10 |
| 49 | Stamey, Ellen | $ 26,297.16 | $ 26,297.16 | $ 52,594.32 |
| 50 | Stearns, Dwayne | $ 28,784.04 | $ 28,784.04 | $ 57,568.08 |
| 51 | Turner, Andrew | $ 15,437.27 | $ 15,437.27 | $ 30,874.54 |
| 52 | Valenzuela, Jimmy | $ 36,433.38 | $ 36,433.38 | $ 72,866.76 |

**Bull et al v. United States, Case No. 01-56C** **APPENDIX A to Settlement Agreement**

| | | AGREED DAMAGES PER COURT'S ORDERS | | |
|---|---|---|---|---|
| # | Plaintiffs | Back Pay | Liquidated Damages | Total |
| 53 | Valle, Amy | $ 9,243.54 | $ 9,243.54 | $ 18,487.08 |
| 54 | Valle, Doug | $ 8,886.54 | $ 8,886.54 | $ 17,773.08 |
| 55 | Wayman, John | $ 10,087.13 | $ 10,087.13 | $ 20,174.26 |
| 56 | Wentworth, David | $ 10,880.64 | $ 10,880.64 | $ 21,761.28 |
| 57 | Witkowski, Thomas | $ 24,892.46 | $ 24,892.46 | $ 49,784.92 |
| 58 | Worsham, Albert | $ 11,083.08 | $ 11,083.08 | $ 22,166.16 |
| | | | | |
| | TOTAL | $ 1,359,397.85 | $ 1,359,397.85 | $ 2,718,795.70 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JOHN BULL, et al,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-56C**<br>**Judge Hewitt** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**ORDER APPROVING SETTLEMENT AND AWARDING FEES AND COSTS**

This matter came before the Court on the Joint Motion of plaintiffs, John Bull, et al., and defendant, the United States ("Joint Motion") seeking approval of the Settlement Agreement attached as Exhibit A to the parties' Joint Motion. The Court has considered all papers filed and, good cause appearing, the following is hereby Ordered, Adjudged, and Decreed by the Court:

1. The parties' Joint Motion for approval of the settlement, filed January 29, 2008, is granted and the settlement is approved;
2. Statutory attorney fees and costs are awarded pursuant to 29 U.S.C. § 216(b) in the following amounts as reasonable, necessary, fair, and appropriate compensation to plaintiffs' attorneys for their services on behalf of the plaintiffs in this litigation:

   a. Kern Law Firm – Fees: $1,360,656.25; Costs: $13,601.12;

   b. Tinsman & Sciano Inc. – Fees: $201,662.85; Costs: $104,027.53; and

   c. Gardner Law Firm – Fees: $80,481.30; Costs: $1,094.35.
3. The parties are hereby directed to perform pursuant to the terms of the Settlement Agreement;

4. The parties are further directed, upon completion of terms 11 and 12 in the Settlement Agreement, to promptly file a Joint Stipulation of Dismissal.

So Ordered.

Dated: ____________________ ______________________________
JUDGE EMILY HEWITT